UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SOTO, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00547-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS, WITHOUT PREJUDICE<br><br>(ECF No. 7)<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN 30 DAYS<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A BLANK APPLICATION TO PROCEED IN FORMA PAUPERIS |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 7, 2023, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, along with a Trust Account Statement. (ECF No. 2). According to Plaintiff's application, he is not employed, he has not received money from any sources in the last twelve months, and he has no money or other assets. However, according to the attached Trust Account Statement, between October 7, 2022, and April 7, 2023, Plaintiff received $3,735.56 in deposits to his Trust Account. "As the evidence before the Court of Plaintiff's assets [was] inconclusive," the Court denied Plaintiff's application without prejudice and allowed Plaintiff to submit another application "to clarify his financial condition and adequately demonstrate financial hardship." (ECF No. 5, p. 3). "As Plaintiff is receiving money but swears under penalty

1

of perjury that he is not, the Court also warn[ed] Plaintiff that knowingly providing inaccurate information on the application may result in dismissal of the action with prejudice." (Id.).

On May 2, 2023, Plaintiff filed another application to proceed *in forma pauperis*. (ECF No. 7).[1] In this application, Plaintiff now states that he receives $285 per month, but 55% is taken for restitution, leaving Plaintiff only $125 for his expenses.

While Plaintiff does explain the source of most of his funds, he does not explain the $2,225.56 payment he received on October 26, 2022 (see ECF No. 2, p. 5). Moreover, Plaintiff asserts that he only receives $125 per month that he can use for his expenses because of restitution payments, but Plaintiff has not made a restitution payment in approximately six months. (See ECF No. 9). Finally, Plaintiff's application is not signed (ECF No. 7, p. 2) and thus cannot be granted in any event, Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented…. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

As the evidence before the Court of Plaintiff's assets is still inconclusive, and because Plaintiff failed to sign his application, the Court will deny Plaintiff's application without prejudice and provide Plaintiff with one final opportunity to clarify his financial condition and adequately demonstrate financial hardship. As Plaintiff stated that he is only receiving approximately $125 per month because he is making restitution payments, even though he has not made a restitution payment in approximately six months, the Court also warns Plaintiff that knowingly providing inaccurate information on the application may result in dismissal of the action with prejudice.[2]

---

[1] Plaintiff included a state court application to waive court fees as well. The Court will not address Plaintiff's state court application.

[2] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." 28 U.S.C § 1915(e)(2)(A). Additionally, "courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." Witkin v. Lee, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020). See also Steshenko v. Gayrard, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) is denied without prejudice;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall submit the attached application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $402.00 filing fee for this action;
3. Failure to comply with this order may result in dismissal of this action; and
4. The Clerk of Court is directed to send Plaintiff a blank application to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated:  **May 4, 2023**                        /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE

---

dismissal may be with prejudice.") (citing Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Attwood v. Singletary, 105 F.3d 610, 612-13 (11th Cir. 1997); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir. 1983)), aff'd sub nom. Steshenko v. Albee, 691 F. App'x 869 (9th Cir. 2017).