UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>SOTO, et al.,<br><br>        Defendants. | Case No. 1:23-cv-00547-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S THIRD APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Plaintiff Melvin Williams is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Now before the Court is Plaintiff's third application to proceed *in forma pauperis* (IFP). (ECF No. 11). As explained below, the Court will recommend that Plaintiff's third IFP application be denied and that Plaintiff be ordered to pay the filing fee to proceed with this action.

      The Court denied Plaintiff's first IFP application without prejudice to filing another application fully explaining his financial circumstances because Plaintiff incorrectly stated that he had received no money from other sources nor had any assets, yet his Trust Account Statement showed that he had approximately $3,700 deposited in his account and had an ending balance of $142.82. (ECF Nos. 2, 5).

      Plaintiff filed a second IFP application, stating that he received $285 each month, and

after restitution, was left with only $125 for expenses, such as food. (ECF No. 7). The Court denied the second application without prejudice to filing another application fully explaining his financial circumstances because Plaintiff failed to explain a payment of $2225.56 and the Trust Account Statement indicated that Plaintiff had not made any restitution payments for approximately six months. (ECF No. 10).

Plaintiff filed his third IFP application on May 31, 2023. (ECF No. 11). He states that the payment of $2225.56 was donated to help pay off his restitution. He states that he currently has approximately $304.27 in funds and has received various other deposits to buy commissary items.

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). By all indications, Plaintiff can afford to pay the filing fee. While the $2225.56 deposit Plaintiff received last year appears to have gone to restitution as Plaintiff claims, Plaintiff has received approximately $1200 in "JPAY" deposits since the beginning of this year. (ECF No. 9, p. 1). None of the $1200 went to restitution as Plaintiff has made no restitution payments since November 2022, and the Trust Account Statement lists his restitution as "[f]ulfilled." Rather, as Plaintiff indicates, it appears that the $1200 he received went mostly to commissary sales.[1] Plaintiff does not show, nor does the Court find, that his using funds on commissary items excuses him from paying the filing fee. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (concluding that district court did not err in imposing partial filing fee where the plaintiff consistently spent his money on commissary items).

Lastly, the Court notes that since this lawsuit was filed on April 7, 2023, Plaintiff has received $555, which alone is sufficient to have paid the $402 filing fee. And while he spent over $200 of this amount on sales, he still had an account balance of $356.17 as of May 2, 2023.

Based on the above, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge.

\\\

\\\

---

[1] The Court notes that Plaintiff made a $10 donation from his account on May 2, 2023, and paid $.40 for legal copy on April 24, 2023. (ECF No. 9, p. 1).

And IT IS RECOMMENDED that:

1. Plaintiff's third application to proceed *in forma pauperis* (ECF No. 11) be DENIED; and

2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 7, 2023**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE