UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN E. WILLIAMS,<br><br>       Plaintiff,<br><br>    v.<br><br>SOTO, et al.,<br><br>       Defendants. | Case No.: 1:23-cv-0547 JLT EPG (PC)<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS FOLLOWING SCREENING OF THE AMENDED COMPLAINT<br><br>(Doc. 25)<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |

     Melvin E. Williams seeks to hold the defendants liable for violations of his constitutional rights while he was incarcerated at Valley State Prison, asserting that he suffered retaliation for threatening to file a grievance against a correctional officer and was placed in the administrative segregated housing unit, without due process, based upon a false allegation. (*See generally* Doc. 24.) The magistrate judge screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff failed to state cognizable claims for a violation of his right to due process, retaliation, and equal protection. (Doc. 25 at 2-12.) The magistrate judge found "further leave to amend would be futile" and recommended the Court dismiss the action "with prejudice for failure to state any cognizable claims." (*Id.* at 12.) Plaintiff filed timely objections, asserting the facts alleged are sufficient to support each of his claims. (Doc. 28.)

     For the reasons set forth below, the Court finds the action **SHALL** proceed on the cognizable retaliation claim against Soto, and all other claims and defendants are **DISMISSED**.

1

## I. Standard of Review

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A *de novo* review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

## II. Background and Allegations

Plaintiff alleges that after a search in his housing unit in September 2019, he expressed an intent to file a grievance to Sergeant Soto by stating: "Hey bitch ass motherfucker I'm going to file a 602." (Doc. 24 at 5.) He asserts that on December 27, 2019, "Soto returned to Plaintiff's housing unit and stated 'Who's the bitch ass motherfucker now? I told you who I was, now I'm going to show you.'" (*Id.*) Plaintiff alleges Soto "acted upon that threat when he intentionally submitted false information on the CDCR 114-D [an Administrative Segregation Unit Placement Notice] and CDCR 128-B to causing Plaintiff to be placed in ASU." (*Id.* at 8.) The same date, Plaintiff "was placed in ASU by Officer J. Lutz[,] who was in charge of the investigation … and wrote Plaintiff a CDCR 115." (*Id.* at 6.) Plaintiff alleges that on January 2, 2019, he appeared before the Classification Committee— including Defendants C.C.II. Costa and Warden Fisher—which ultimately took away visits and gave Plaintiff a SHU term with never having a procedural due process of hearing of any RVR." (*Id.* at 6-7.) He asserts he also lost access to commissary/canteen and the phone. (*Id.* at 5, 8.) Plaintiff contends these actions all began with "a false allegation" by Soto. (*Id.* at 6.)

Plaintiff seeks to hold the defendants—including Warden Fisher; Soto, Correctional ISU Sergeant at Valley State Prison; A. Acosta, Correctional Counselor; and Lutz, a correctional officer— liable for violations of due process, retaliation, and equal protection. (Doc. 24 at 3-5, 9-11.)

## III. Retaliation Claim

The Ninth Circuit determined that a claim of First Amendment retaliation in the prison context involves five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

2

correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing, *e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Bartnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994)).

The magistrate judge found Plaintiff failed to state a cognizable retaliation claim because Soto's statement "does not refer to Plaintiff's comment about filing the 602." (Doc. 25 at 11.) The magistrate judge stated, "Put another way, name-calling and cursing at correctional officers is not protected by the First Amendment, so retaliation against such comments is also not protected by the First Amendment." (*Id.*) Plaintiff objected to the finding that he failed to state a claim, asserting:

> In the instant case Plaintiff stated (1) He was engaged in free speech, (2) Defendant Soto threaten him, (3) Defendant acted upon that threat by false allegations, (4) Defendant Actions was not to further any [penological] goal because defendants lied, falsely stated Plaintiff was part of a conspiracy to distribute narcotics, which was A-2 offense that landed Plaintiff in "ASU" doing a "SHU."

(Doc. 18 at 4; *see also id.* at 3-9.)

### A.     Claim against Defendant Soto

Although cursing is not protected, Plaintiff's statement to Soto also explicitly included a threat to file 602. Importantly, a prisoner's threat to file a grievance is protected conduct under the First Amendment. *See Craver v. Tran*, 2023 WL 169762, at *5 (E.D. Cal. Jan. 11, 2023) ("an inmate's threat to file a grievance is protected conduct"); *West v. Dizon*, 2014 WL 794335, at *5-6 (E.D. Cal. Feb. 27, 2014) (holding that a prisoner's threat to file 602 inmate appeal against a correctional officer was protected conduct), *adopted* 2014 WL 1270584 (E.D. Cal. Mar. 26, 2014); *Clinton v. Green*, 2014 WL 2931176, at *8 (C.D. Cal. Apr. 22, 2014) (holding that an inmate's "expression of intent to file a grievance … is an established form of protected First Amendment conduct"), *adopted* 2014 WL 2931178 (C.D. Cal. June 24, 2014). Consequently, the allegations in the FAC support a conclusion that Plaintiff engaged in protected conduct.

The alleged false report by Soto is also an adverse action under the First Amendment. *Duclos v. Smith*, 2024 WL 5508219, at *4 (E.D. Cal. June 24, 2024) ("false accusations against an inmate rises to the level of an 'adverse action' for purposes of a retaliation claim") (citation omitted); *Craver*, 2023 WL 169762, *5 ("the issuance of a false RVR is an adverse action that would chill the First Amendment rights of a person of ordinary firmness") (citing *Hines v. Gomez*, 108 F.3d 265, 169 (9th

3

Cir. 1997)). The Court may reasonably infer that Soto's action was "because of" Plaintiff's grievance threat due to Soto's repetition of Plaintiff's statement back to him, directly quoting the language used by Plaintiff. Indeed, Plaintiff alleges Soto added that he was "going to show" Plaintiff who he was "and acted upon that threat when he intentionally submitted false information on the CDCR 114-D and CDCR 128-B to causing Plaintiff to be placed in ASU." (Doc. 24 at 3, 8.) The proximity in time between Plaintiff's threat to submit a grievance and the adverse action also supports an inference of retaliatory intent. *See Pratt v. Rowland,* 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *see also Green v. Lacebal*, 2025 WL 1180128, at *8 (E.D. Cal. Apr. 22, 2025) (where the prisoner identified protected conduct and an adverse action two months later, the timing supported "an inference of retaliatory motive").

Finally, Plaintiff alleges Soto's actions had a "chilling effect" upon him, and the defendant "did not have any legitimate penological interest." (Doc. 24 at 3, 8.) Plaintiff contends that "no legitimate penological goals can be justified by the use of false information in retaliation." (*Id.* at 8.) The filing of a false CDCR 114-D by a correctional officer could have a chilling effect. *See Duclos*, 2024 WL 5508219, at *5 (finding this factor was satisfied where the plaintiff alleged the defendant submitted a false RVR); *Millare v. Stratton*, 2017 WL 4922847, at *5 (S.D. Cal. Oct. 30, 2017) (finding "a chilling effect" where the plaintiff alleged the defendants filed a false RVR, even where the plaintiff later filed other grievances). In addition, Plaintiff's allegation that there was not a "legitimate penological interest" for Soto to make the false report is sufficient at the pleading stage. *See Duclos*, 2024 WL 5508219, at *5 ("[a]lleging that the action of filing a false RVR did not serve a legitimate correctional goal is enough to meet this factor"); *see also Savage v. Villagrana*, 2011 WL 4375011, at *3 (E.D. Cal. Sept. 19, 2011).

Based upon the foregoing, the Court finds allegations in the FAC are sufficient for Plaintiff to state a cognizable claim for retaliation in violation of the First Amendment against Soto. Therefore, the Court declines to adopt the findings of the magistrate related to this claim against Soto.

**B.     Claim against other Defendants**

Plaintiff states his First Amendment retaliation claim against all defendants. (*See* Doc. 24 at 10-11.) However, Plaintiff does not allege any of the other defendants heard his comment to Soto

about filing a 602. There are also not any facts alleged—either in the FAC or Plaintiff's objections—supporting a conclusion that Fisher, Acosta, or Lutz were aware of Plaintiff's threat to file a grievance. The lack of knowledge of Plaintiff's protected conduct is fatal to his claim against the other defendants because, without such knowledge, they could not have a retaliatory motive. *See Flynn v. City of Santa Clara*, 388 F. Supp. 3d 1158, 1165 (N.D. Cal. 2019) ("a plaintiff's failure to allege any knowledge of the protected conduct results in a failure to establish a plausible causal connection for the purposes of a retaliation claim") (citation omitted); *McDowell v. Smith*, 2024 WL 3700090, at *3 (E.D. Cal. Aug. 7, 2024) (finding a plaintiff fails to state a claim for retaliation where the defendants lacked "knowledge of [the] protected conduct"). Moreover, "a person does not become liable for retaliation merely because he or she is employed with, supervised by, or a supervisor of someone who engages in retaliation," and instead a plaintiff must allege facts that show "each defendant's knowledge of [the] protected conduct." *Escamilla v. Belin*, 2021 WL 3115979, at *3 (D. Nev. July 22, 2021). Because Plaintiff does not allege knowledge of his protected conduct by the other defendants, he fails to state a cognizable claim for retaliation against Fisher, Acosta, and Lutz.

**III.     Due Process Claim**

The Due Process Clause of the Fourteenth Amendment provides, "No State shall. . . deprive any person of life, liberty, or property, without due process of law." *U.S. Constitution, amend. XIV §1*. This clause guarantees both procedural and substantive due process. A Section 1983 claim based upon procedural due process has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (citation omitted). Thus, to state a cognizable claim for deprivation of due process, Plaintiff must first identify the existence of a protected liberty interest. *Id.*; *see also Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

The magistrate judge found that Plaintiff failed to identify a protected liberty interest. (Doc. 25 at 7-10.) In so finding, the magistrate judge observed the Ninth Circuit determined "administrative segregation in and of itself does not implicate a protected liberty interest." (*Id.* at 8, quoting *Serrano v. Francis*, 345 F.3d 1071, 1077–1078 (9th Cir. 2003).) The magistrate judge also found that "Plaintiff does not have a constitutional liberty interest in the loss of visitation and canteen." (*Id.*,

5

citing, *e.g.*, *Gerber v. Hickman*, 291 F.3d 617, 621(9th Cir. 2002) ["it is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits"]; *Smart v. Ortiz*, 2018 WL 3752326, at *9 (S.D. Cal., Aug. 8, 2018) [holding the "loss of visitation and canteen… do not give rise to a protected liberty interest  because they are not atypical for one serving a prison sentence"].)

      Moreover, the magistrate judge found Plaintiff failed to cure the pleading deficiencies identified in the Court's first screening order, which indicated:

> Plaintiff also does not describe what process, if any, he received. Regarding his time in Administrative Segregation, it is not clear if Plaintiff received notice of the charges against him, an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation, or a periodic review to the extent he was segregated for a length of time. Regarding Plaintiff's time in Segregated Housing, it is not clear if this was done as a disciplinary or punitive measure, or whether Plaintiff received any process before being placed in that housing.

(Doc. 25 at 10, quoting Doc. 23 at 9.)  The magistrate judge observed that despite the issues identified by the Court, "Plaintiff's amended complaint fails to allege that he was placed in segregated housing without these procedures."  (*Id.*)  Further, the magistrate judge found Plaintiff described "several classification actions that … show repeated reviews of his confinement status."  (*Id.*)  Therefore, the magistrate judge found Plaintiff failed "to state a due process claim against any defendant." (*Id.*)

      Plaintiff does not address the specific findings of the magistrate judge related to this claim, although he maintains he was wrongfully placed in ASU and deprived of visitation.  (*See generally* Doc. 28.)  However, as the magistrate judge determined, Plaintiff does not allege facts supporting a conclusion that his administrative segregation and visitation implicates a protected liberty interest. *Compare Monical v. Towers*, 793 Fed. Appx. 540, 540 (9th Cir. 2020) (finding the court properly granted summary judgment against a plaintiff on his due process claim, because his temporary placement in administrative segregation was insufficient to implicate a protected liberty interest) *with Serrano*, 345 F.3d at 1079 (finding a plaintiff with a disability had a protected liberty interest based upon his placement "in a SHU that was not designed for disabled persons," which imposed conditions that "constituted an atypical and significant hardship on him").  Likewise, Plaintiff is unable to show a constitutional interest with visitation.  *See Macedon v. Cal. Dep't of Corr.* 67 Fed. Appx. 407, 408 (9th

Cir. 2003) ("A refusal to permit an inmate family visits does not impose an atypical and significant hardship; rather, an inmate's inability to visit with whom he wishes is an ordinary incident of prison life") (internal quotation marks, citation omitted).  The findings of the magistrate judge related to the due process claim are supported by the record and proper analysis.

### IV.     Equal Protection Claim

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir.2008) (citation omitted).  However, this does not mean that all prisoners must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322, n.2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568-69 (9th Cir. 1987).  "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted). "The first step in equal protection analysis is to identify the [asserted] classification of groups." *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995)).  The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff. *Id.* (quoting *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986)).

The magistrate judge found Plaintiff "does not state that he is a member of any protected class, or that anyone discriminated against him based on that class or some characteristic about him." (Doc. 25 at 12.)  The magistrate judge observed that Plaintiff's claim is also premised "on his contention that he lost visitation and canteen privileges 'despite the fact Plaintiff fit all the criterias (sic) to receive said privileges,' and not that other similarly situated prisoners with similar charges against them still received such privileges." (*Id.*)  The magistrate judge determined Plaintiff did "not allege[] facts plausibly showing that the defendants acted with an intent or purpose to discriminate against him based upon membership in a protected class." (*Id.*)  Therefore, the magistrate judge found Plaintiff "fails to state a claim for violation of the Fourteenth Amendment's equal protection clause." (*Id.*)

In the objections, Plaintiff does not dispute the magistrate judge's finding that the FAC does

not include any allegations about Plaintiff's status as a member of a protected class. (Doc. 28 at 9.) Instead, Plaintiff asserts that he states a claim with "[c]lass-of-one discrimination." (*Id.*) In support of this assertion, Plaintiff contends that "Defendants denied Plaintiff a privilege … for no other reason than retaliation. (*Id.*) However, in so explaining, Plaintiff appears to conflate his *retaliation* claim with a *discrimination* claim.[1]

To state a cognizable "class-of-one" equal protection claim, Plaintiff must allege facts supporting his conclusion that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Although Plaintiff alleges in the FAC that prisoners who were "equally situated" received privileges that were denied to him (Doc. 24 at 11), Plaintiff does not allege any facts supporting this conclusion. Put another way, there are no allegations in the FAC for the Court to evaluate whether these unidentified individuals who received privileges are, in fact, "equally situated" to Plaintiff. He also does not identify any additional information in the objections that cure the deficiency identified by the magistrate judge. Consequently, Plaintiff's objection that he is a "class-of-one" is unavailing.

## V.     Whether to Grant Further Leave to Amend

In the objections, Plaintiff requests the Court grant "leave to amend the first amended complaint." (Doc. 28 at 12.) Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted). "When the plaintiff previously amended the complaint, the district court's discretion to deny leave to amend is particularly broad." *Sabatini v. Cal. Bd. of Registered Nursing*, 849 Fed. Appx. 634, 637 (9th Cir. 2021). The "court acts within its discretion to deny leave to amend when amendment would be futile." *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (quoting *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000)).

---

[1] Notably, "neither the U.S Supreme Court nor the Ninth Circuit has recognized an Equal Protection Claim as viable under a retaliation theory." *Garrett v. Governing Bd. of Oakland Unified Sch. Dist.*, 583 F.Supp.3d 1267, 1278 (N.D. Cal. 2022).

After screening Plaintiff's initial complaint, the Court provided Plaintiff with the appliable standards, and Plaintiff failed cure the deficiencies with his claims for due process and equal protection. In addition, Plaintiff did not identify any additional facts in his objections, which indicates Plaintiff does not have any further facts for the Court to consider to support the claims raised. Consequently, the Court finds further leave to amend would be futile and denies the request. Instead, the action shall proceed on the cognizable retaliation claim.

## VI.     Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 25) are **ADOPTED** in part.
2. Plaintiff's request for further leave to amend is **DENIED**.
3. The action **SHALL** proceed <u>only</u> on Plaintiff's retaliation claim against Defendant Soto, as stated in the first amended complaint.
4. All other claims and defendants are **DISMISSED**.
5. The Clerk of Court is directed to update the docket and terminate the following individuals as defendants: J. Lutz, A. Acosta, and R. Fisher.
6. The matter is referred the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **September 1, 2025**

_____
UNITED STATES DISTRICT JUDGE